## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

LANOYKA TAYLOR,

      Plaintiff,

v.

                                 Case No.: 5:25-cv-00841-HNJ

TRANSUNION, LLC,

      Defendant.

## DEFENDANT TRANS UNION LLC'S
## ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW, Trans Union LLC ("Trans Union"), incorrectly named herein as "TransUnion, LLC," and files its Answer and Defenses to the Complaint ("Complaint") filed by Lanoyka Taylor ("Plaintiff"). The paragraph numbers below correspond to the paragraph numbers contained in the Complaint to the extent possible.

### INTRODUCTION

1. Trans Union admits only that Plaintiff has asserted claims against Defendants for damages, and is seeking costs and attorney's fees, and injunctive relief for alleged violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*. Trans Union denies the remaining allegations contained in paragraph 1 of the Complaint.

2. Trans Union denies the allegations contained in paragraph 1 of the Complaint.

1

3. Trans Union denies the allegations contained in paragraph 1 of the Complaint.

## JURISDICTION AND VENUE

4. Trans Union admits that jurisdiction is proper in this Court.

5. Trans Union admits, solely based on the allegations contained in Plaintiff's Complaint, that venue is appropriate in the Northern District of Alabama. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 5 of the Complaint and, therefore, denies same.

## PARTIES

6. Trans Union admits that Plaintiff is a natural person and a "consumer" as defined in 15 U.S.C. § 1681a(c). Trans Union is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 6 of the Complaint and, therefore, denies same.

7. Trans Union admits that it is a limited liability company organized under the laws of the State of Delaware with its principal place of business located in Chicago, Illinois. Trans Union admits that it is a "consumer reporting agency" as defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681a(f). Trans Union admits that it assembles consumer credit information for the purpose of furnishing consumer reports to third parties. Further, Trans Union admits that it is authorized

to do business within the State of Alabama. Trans Union denies the remaining allegations contained in paragraph 7 of the Complaint.

## FACTUAL ALLEGATIONS

8. Because of the vague and generalized nature of the allegations, Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint and, therefore, denies same.

9. The provisions of the FCRA and its legislative history are self-evident and speak for themselves. Trans Union denies the allegations contained in paragraph 9 of the Complaint.

10. Trans Union admits that it assembles consumer credit information for the purpose of furnishing consumer reports to third parties. Trans Union further admits that it sells consumer reports pursuant to contracts and agreements with subscribers. Trans Union denies the remaining allegations contained in paragraph 10 of the Complaint.

11. Trans Union denies the allegations contained in paragraph 11 of the Complaint.

12. Trans Union denies the allegations contained in paragraph 12 of the Complaint.

13. Trans Union denies the allegations contained in paragraph 13 of the Complaint.

14. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint and, therefore, denies same.

15. Trans Union denies the allegations contained in paragraph 15 of the Complaint.

16. Because of the vague and generalized nature of the allegations, Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint and, therefore, denies same.

17. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint and, therefore, denies same.

18. Trans Union denies the allegations contained in paragraph 18 of the Complaint.

19. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint and, therefore, denies same.

20. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint and, therefore, denies same.

21. Trans Union denies the allegations contained in paragraph 21 of the Complaint.

22. Trans Union denies the allegations contained in paragraph 22 of the Complaint.

**CAUSE OF ACTION**

COUNT I

23. Trans Union restates and incorporates its responses to paragraphs 1 through 22 above as though fully stated herein.

24. Trans Union admits that it is a "consumer reporting agency" as defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681a(f). Trans Union also admits that it assembles consumer credit information for the purpose of furnishing consumer reports to third parties. Trans Union further admits that it sells consumer reports pursuant to contracts and agreements with subscribers. Trans Union denies the remaining allegations contained in paragraph 24 of the Complaint.

25. The provisions of the FCRA are self-evident and speak for themselves. Trans Union denies the allegations contained in paragraph 25 of the Complaint.

26. Trans Union denies the allegations contained in paragraph 26 of the Complaint.

27. Trans Union denies the allegations contained in paragraph 27 of the Complaint.

28. Trans Union denies the allegations contained in paragraph 28 of the Complaint.

29. Trans Union denies the allegations contained in paragraph 29 of the Complaint.

<u>COUNT II</u>

30. Trans Union restates and incorporates its responses to paragraphs 1 through 29 above as though fully stated herein.

31. The provisions of the FCRA are self-evident and speak for themselves. Trans Union denies the allegations contained in paragraph 31 of the Complaint.

32. Trans Union denies reporting inaccurate information. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 32 of the Complaint and, therefore, denies same.

33. Trans Union denies the allegations contained in paragraph 33 of the Complaint.

34. Trans Union denies the allegations contained in paragraph 34 of the Complaint.

35. Trans Union denies the allegations contained in paragraph 35 of the Complaint.

36. Trans Union restates and incorporates its responses to paragraphs 1 through 35 above as though fully stated herein.

37. The provisions of the FCRA are self-evident and speak for themselves. Trans Union denies the allegations contained in paragraph 37 of the Complaint.

38. Trans Union denies the allegations contained in paragraph 38 of the Complaint.

39. Trans Union denies the allegations contained in paragraph 39 of the Complaint.

40. Trans Union denies the allegations contained in paragraph 40 of the Complaint.

COUNT IV

42. [sic] Trans Union restates and incorporates its responses to paragraphs 1 through 40 above as though fully stated herein.

43. The provisions of the FCRA are self-evident and speak for themselves. Trans Union denies the remaining allegations contained in paragraph 43 of the Complaint.

44. Trans Union denies reporting inaccurate information. Trans Union is without knowledge or information sufficient to form a belief as to the truth of the

remaining allegations contained in paragraph 44 of the Complaint and, therefore, denies same.

45.     Trans Union denies the allegations contained in paragraph 45 of the Complaint.

46.     Trans Union denies the allegations contained in paragraph 46 of the Complaint.

47.     Trans Union denies the allegations contained in paragraph 47 of the Complaint.

**<u>PRAYER FOR RELIEF</u>**

Trans Union denies the allegations contained in the Prayer for Relief paragraph of the Complaint, including all subparts

**<u>DENIAL OF ANY REMAINING ALLEGATIONS</u>**

Except as expressly admitted herein, Trans Union denies any remaining allegations contained in the Complaint.

**<u>DEFENSES</u>**

48.     At all relevant times, Trans Union maintained and followed reasonable procedures to avoid violations of the FCRA and assure maximum possible accuracy of the information concerning Plaintiff in preparing consumer reports related to Plaintiff.

49.     Any alleged damages to Plaintiff, which Trans Union continues to deny, are the result of the acts or omissions of Plaintiff or others, over whom Trans Union has no control and for whom Trans Union has no responsibility.

50.     Trans Union, in compliance with the FCRA, reasonably and completely reinvestigated and verified, updated, or removed all information disputed by Plaintiff.

51.     Trans Union at all times acted in compliance with the FCRA.

52.     Trans Union has not published any false, inaccurate or defamatory information to a third-party regarding Plaintiff and has not acted with negligence, malice, actual malice, or willful intent to injure.

53.     Some or all of Plaintiff's claims against Trans Union are barred by the applicable statute of limitations.

54.     Plaintiff failed to mitigate her alleged damages.

55.     Plaintiff's claims for exemplary or punitive damages and the FCRA damage model violate the Due Process Clause of the Fourteenth Amendment and the laws of the State of Alabama.

56.     To the extent Trans Union could be found liable, Plaintiff was comparatively/contributorily negligent.

57.     Trans Union affirmatively pleads that it is entitled to attorney's fees in the event that the Court determines that the Plaintiff has filed an unsuccessful

9

pleading, motion, or other paper in connection with this action under Section 1681n or 1681o of the FCRA in bad faith or for purposes of harassment.

58. Any alleged damages to Plaintiff, which Trans Union continues to deny, were caused in whole or in part by an intervening or superseding cause.

59. Plaintiff lacks standing to assert the claims alleged in this action against Trans Union.

60. Trans Union reserves the right to assert additional defenses as may become apparent through additional investigation and discovery.

61. Plaintiff's claim for declaratory relief is not authorized, provided for, or allowed under the FCRA.

62. Plaintiff assumed the risk for any alleged damages she suffered.

63. Plaintiff's claims are barred by waiver, laches, and estoppel.

64. Plaintiff's claims for punitive damages are subject to the limitation and protections contained in Alabama Code §6-11-20; 6-11-21.

WHEREFORE, PREMISES CONSIDERED, Defendant Trans Union LLC, respectfully requests that this Honorable Court deny the relief requested in Plaintiff's Complaint, dismiss the action in its entirety, grant Trans Union its costs of suit and expenses incurred herein, including reasonable attorneys' fees, and for such other and further relief as the Court deems just.

DATED: June 2, 2025

Respectfully submitted,

*/s/ William T. Thompson*

J. Allen Sydnor, Jr.  (ASB-6517-D55J)
William T. Thompson (ASB-5600-Q45Q)
*Attorneys for Defendant Trans Union LLC*

**OF COUNSEL:**
HUIE, FERNAMBUCQ & STEWART, LLP
3291 US Highway 280, Suite 200
Birmingham, Alabama 35243
Telephone: (205) 251-1193
Facsimile:  (205) 251-1256
Email:      asydnor@huielaw.com
            wthompson@huielaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 2, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send  notification of such filing (NEF) to counsel of record registered to use the CM/ECF system in this action, as follows:

Aluko Collins Sr.
mscott@unitedlegalteam.com
Maurice Scott Sr.
acollins@unitedlegalteam.com
United Legal Team, LLC
3125 University Dr., Suite B
Huntsville, Alabama 35816
(888) 457-1495
***Counsel for Plaintiff***

*/s/ William T. Thompson*
OF COUNSEL